## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

R. ALEXANDER ACOSTA, Secretary of Labor, )
United States Department of Labor, )
)
                  Plaintiff, )
) Civil Action No.: 0:18-cv-2942
     v. )
) Legal and equitable relief sought
**TRIPLE V CONCRETE CONSTRUCTION,** )
**INC., LAYNE VANDERWERF,** individually, and )
**JENNIFER VANDERWERF,** individually, )
)
                  Defendants. )

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants Triple V Concrete Construction, Inc., a Minnesota corporation, Layne Vanderwerf, an individual, and Jennifer Vanderwerf, an individual (hereinafter collectively "defendants") from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq.*), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

### II

A.     Defendant, Triple V Concrete Construction, Inc. ("Triple V"), is, and at all times hereinafter mentioned, a corporation with an office and a place of business at 52245 County

Road 10, Comfrey, Minnesota, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged under the name and style of Triple V Construction in the operation of residential and commercial concrete construction and in the performance of related types of activities.

    **B.**    Defendant Layne Vanderwerf ("Mr. Vanderwerf"), an individual, is the Chief Executive Officer and owner of defendant Triple V, and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees, including, but not limited to scheduling, hiring and firing, and supervising. Mr. Vanderwerf is and, at all times hereinafter mentioned, was engaged in business within Brown County at 52245 County Road 10, Comfrey, Minnesota, within the jurisdiction of this court. Mr. Vanderwerf acted directly or indirectly in the interest of Triple V in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

    **C.**    Defendant Jennifer Vanderwerf ("Mrs. Vanderwerf"), an individual, is the office manager of defendant Triple V, and, at all times hereinafter mentioned, provided the finance, payroll, and accounting functions for Triple V. Mrs. Vanderwerf is and was responsible for interpreting and affecting the pay practices at Triple V. Mrs. Vanderwerf is and, at all times hereinafter mentioned, was engaged in business within Brown County at 52245 County Road 10, Comfrey, Minnesota, within the jurisdiction of this court. Mrs. Vanderwerf acted directly or indirectly in the interest of Triple V in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant Triple V is and, at all times hereinafter mentioned, was engaged in related

activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

### IV

Defendant Triple V at all times hereinafter mentioned is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) the Act in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

### V

**A.**     Defendants repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

**B.**     Specifically, defendants knowingly manipulated employees' travel time by deducting hours worked from travel time in workweeks in which they had worked in excess of 40 hours.

**C.**     Employees were required to report to defendants' shop to prepare and load

equipment, tools, and machinery prior to traveling to the first jobsite.

**D.**     While the preparation time at the shop was paid, if travel time exceeded defendants' expectations, then the time records were manipulated to meet the expected timeframe and a portion of the travel time went unpaid.

## VI

**A.**     Defendants, employers subject to the provisions of the Act, repeatedly and willfully have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

**B.**     Defendants manipulated time records to avoid paying employees for compensable travel time.

**C.**     Defendants failed to post the DOL poster "Employee Rights Under the Fair Labor Standards Act" notifying employees of the FLSA wage requirements, in violation of 29 U.S.C. § 211, 29 CFR § 516.4.

## VII

During the period since November 2015, defendants repeatedly and willfully have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime

compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or

appropriate.

           **KATE S. O'SCANNLAIN**
           Solicitor of Labor

           **CHRISTINE Z. HERI**
           Regional Solicitor

           _____
           **MARTHA P. FRYDL**
           Attorney

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
T: (312) 353-7836
Frydl.Martha@dol.gov

Attorneys for **R. ALEXANDER ACOSTA**,
Secretary of Labor, United States
Department of Labor, Plaintiff