UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

R. Alexander Acosta, Secretary of Labor,  File No. 18-cv-02942 (ECT/TNL)
United States Department of Labor,

    Plaintiff,

v.  **ORDER**

Triple V Concrete Construction, Inc.;
Layne Vanderwerf; and
Jennifer Vanderwerf,

    Defendants.

On October 17, 2018, Plaintiff R. Alexander Acosta, the United States Secretary of Labor ("Acosta"), commenced this action against three defendants for violations of the Fair Labors Standards Act ("FLSA"). Compl. [ECF No. 1]. Defendant Triple V Concrete Construction, Inc. ("Triple V") is a residential and commercial concrete construction company; Defendant Layne Vanderwerf is its Chief Executive Officer and owner; and Defendant Jennifer Vanderwerf is its office and financial manager (collectively "Defendants"). *Id.* sec. II. Acosta alleges that Defendants employed their workers for more than forty hours per week without adequate overtime compensation and failed to make and keep accurate employment records in violation of FLSA §§ 7, 11(c), 15(a)(2), and 15(a)(5) (codified at 29 U.S.C. §§ 207, 211(c), 215(a)(2), 215(a)(5)). Compl. secs. V–VI. On January 9, 2019, the Parties jointly moved for approval and entry of a proposed consent judgment. Mot. [ECF No. 10]; *see* Proposed Consent J. [ECF No. 9].

I

The following are the primary allegations from the Complaint. Defendants' residential and commercial concrete construction business is based out of Comfrey, Minnesota. Compl. sec. II. Layne Vanderwerf supervises the day-to-day operations and manages employees, and Jennifer Vanderwerf handles the finance, payroll, and accounting responsibilities. *Id.* Allegedly, Defendants employed their workers for more than forty hours per week without sufficient overtime compensation. *Id.* sec. V. Specifically, Defendants are alleged to have manipulated how employee travel time was counted and compensated. *Id.* Employees would report to Triple V to load necessary equipment before traveling to the first jobsite, and if that travel time exceeded expectations, Defendants would alter the time records such that a portion of an employee's travel time went unpaid. *Id.* Defendants also allegedly failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment. *Id.* sec. VI. Because Defendants manipulated time records to avoid paying overtime compensation as required, their records necessarily failed to accurately show the hours that employees worked each work day and work week. *See id.*

In response to these practices, Acosta filed the instant lawsuit seeking injunctive and monetary relief. Compl. at 5–6. On January 9, 2019, the Parties jointly moved for approval and entry of a proposed consent judgment. Mot.; *see* Proposed Consent J.

II

The standard of review for consent judgments is as follows:

> A district court's authority to enter a consent judgment originates from the consent of the parties. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 522 (1986). "Although the law favors settlements, federal courts in adopting consent [judgments] are not mere 'recorders of contracts from whom parties can purchase injunctions.'" *Angela R. by Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993) (quoting *Local 93*, 478 U.S. at 525) (alteration omitted). When deciding whether to approve a consent judgment, a district court considers whether the consent judgment is substantively and procedurally fair, reasonable, and consistent with the governing law. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018–20 (8th Cir. 2002).

*United States v. Phoenix Grp. Homes, Inc.*, No. 17-cv-0111 (WMW/DTS), 2017 WL 4339640, at *1 (D. Minn. Aug. 17, 2017) (alteration in original).

A

A consent judgment is procedurally fair if its creation resulted from "the government and the settling defendants . . . negotiating in good faith and at arm's length." *BP Amoco Oil PLC*, 277 F.3d at 1019–20. "Substantive fairness introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which is it legally responsible." *Id.* at 1020 (citation omitted).

Here, all Parties are represented by counsel. Nothing in the record suggests procedural unfairness in the Parties' negotiations in reaching the proposed resolution of this matter. As to substantive fairness, the proposed consent judgment aligns with the concepts of corrective justice and accountability. There are no other defendants in this case such that allocation of costs among them according to their relative roles was necessary.

Defendants were solely responsible for the alleged wrongdoing—in this case, failing to pay adequate overtime compensation and to maintain accurate records—and as such, were assigned complete responsibility for paying the withheld overtime compensation and corresponding statutory liquidated damages, *see* 29 U.S.C. § 216(b), and for committing to making, keeping, and preserving accurate records of their employees and of the wages, hours, and other conditions and practices of employment in the future, *see* 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.  Proposed Consent J. secs. II, IV.  Because Defendants are consenting to bear the cost of their own alleged harm, the proposed consent judgment is substantively fair.

B

The reasonableness inquiry is multifaceted.  Depending on the legal context of the individual case, courts reviewing consent judgments "have variously considered: whether the decree will be effective . . . ; whether it provides satisfactory public compensation for the costs of remediation; possible alternatives for remedying hazards; whether the [decree's] terms . . . , including enforcement mechanisms, are clear; and whether the decree reflects a resolution of the actual controversy in the complaint." *United States v. City of Waterloo*, No. 15-CV-2087-LRR, 2016 WL 254725, at *5 (N.D. Iowa Jan. 20, 2016) (citing *S.E.C. v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014) (listing the factors considered in Securities and Exchange Commission consent decrees); *United States v. Davis*, 261 F.3d 1, 26 (1st Cir. 2001) (listing factors for consent decrees under the Comprehensive Environmental Response, Compensation, and Liability Act)).

Most appropriate for consideration in the FLSA context are whether the proposed consent judgment will be effective, whether its terms are clear, and whether the proposed relief reflects resolution of the alleged controversy in the complaint. First, the consent judgment will likely be effective as it does not demand relief beyond what is statutorily necessary. Defendants are responsible for paying withheld overtime wages as well as mandatory liquidated damages pursuant to 29 U.S.C. § 216(b). Proposed Consent J. sec. IV. Going forward, Defendants must compensate their employees for overtime work at a rate not less than one and one-half times their regular rates and abide by record-keeping requirements found in 29 U.S.C. § 211(c) and 29 C.F.R. part 516. Proposed Consent J. secs. I–II. These are practices all employers subject to the FLSA are expected to maintain; they are not overly demanding.

Second, "[a] clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal citations and quotations marks omitted); *see Int'l Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (describing the Fed. R. Civ. P. 65(d)(1) requirement that any injunctive order must "state in specific terms the acts that it required or prohibited" (internal quotation marks omitted)). The proposed consent judgment provides that it applies to Defendants Triple V, and Layne and Jennifer Vanderwerf individually; judgment is based on the authority inherent in 29 U.S.C. §§ 216(c), 217; and the alleged violations occurred from November 7, 2015, to November 4, 2017. Proposed Consent J. secs. I–IV. It goes on to state exactly what

5

injunctive relief is proposed, how much the Defendants are ordered to pay, the form of payment, the schedule for doing so, where the payments should be sent, and what Acosta will do with the funds once received. *Id.* secs. IV–V. It also prohibits Defendants from soliciting any employee to return the money owed for withheld overtime compensation and from discriminating or retaliating against any employee who received money owed. *Id.* sec. VI. Due to the thoroughness and specificity of the terms, Defendants will not be left with uncertainties and the proposed consent judgment is sufficiently clear.

  Third, the proposed consent judgment reflects fair resolution of the allegations in the complaint. Acosta alleges that Defendants failed to pay their employees adequate overtime compensation and to make and keep accurate records tracking the wages and hours of their employees. Compl. secs. V–VI. As previously described, the proposed consent judgment requires Defendants to adequately compensate employees who work more than forty hours in a week at a rate of not less than one and one-half times their regular rates and to make, keep, and preserve accurate records of their employees and of the wages, hours, and other conditions and practices of employment in the future. Proposed Consent J. secs. I–II. The proposed consent judgment requires Defendants to pay a calculated sum of withheld overtime compensation as well as liquidated damages to the employees listed in Exhibit A. *Id.* sec. IV, Ex. A; *see* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). Thus, the proposed consent judgment remedies the two alleged violations—no more, no less. Defendants are reasonably being

6

held accountable for the exact amount of monetary harm they allegedly caused as well as statutory liquidated damages, and the injunctive relief adequately protects against similar wrongdoing in the future.

C

Finally, "[a] proposed consent [judgment] with the Government is legal so long as it is within the Court's authority to enter the [judgment] and within the Plaintiff's authority to enforce it." *S.E.C. v. Caledonian Bank Ltd.*, 317 F.R.D. 358, 370 (S.D.N.Y. 2016) (citation and internal quotation marks omitted). "[A]ny illegality or unconstitutionality must appear as a *legal certainty* on the face of the agreement before a settlement can be rejected on the basis of illegality or unconstitutionality." *Bogosian v. Gulf Oil Corp.*, Civil Class Action No. 71-1137, 1983 WL 1824, at *3 (E.D. Pa. Apr. 12, 1983) (citing *Grunin v. Int'l House of Pancakes*, 513 F. 2d 114, 123–24 (8th Cir. 1975)). The proposed resolution must be "consistent with the underlying policies and goals" of the law that was violated. *BP Amoco Oil PLC*, 277 F.3d at 1021. "The principal congressional purpose" of the FLSA was to protect covered workers from substandard wages; oppressive working hours; and "'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (footnote omitted) (quoting 29 U.S.C. § 202(a)).

The Court has authority to enter a consent judgment in this case pursuant to 28 U.S.C. §§ 1331, 1345 and 29 U.S.C. § 217, and Acosta has the authority to enforce the judgment pursuant to 29 U.S.C. § 216(c). *See Barrentine v. Arkansas-Best Freight Sys.,*

*Inc.*, 750 F.2d 47, 51 (8th Cir. 1984) ("Subsection (c) of § 216 authorizes the Secretary of Labor to bring suit on behalf of employees . . . . Section 217, entitled 'Injunction proceedings,' grants the district courts jurisdiction to restrain violation of provisions of the FLSA . . . ."). The relief described in the proposed consent judgment does not present any indicia of illegality or unconstitutionality. The proposed relief in this case furthers the purpose of the FLSA by ensuring that employees receive the standard overtime wages to which they are entitled, and that Defendants maintain adequate and accurate records such that they can be held accountable in the future. The proposed judgment therefore provides fidelity to the statute's purpose.

## ORDER

Based upon all of the files and records in the above-captioned matter, the Court finds that the proposed consent judgment is procedurally and substantively fair, reasonable, and consistent with the governing law. Therefore, **IT IS HEREBY ORDERED THAT**:

1. The Joint Motion to Approve Proposed Consent Judgment [ECF No. 10] is **GRANTED**; and

2. The Proposed Consent Judgment [ECF No. 9] is **APPROVED** and shall be filed as an attachment hereto.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2019         s/ Eric C. Tostrud
                                Eric C. Tostrud
                                United States District Court